BAYRON ET AL. *v.* GARCÍA ET AL.

APELACIÓN procedente de la Corte de Distrito de Aguadilla.

No. 546.—Resuelto en mayo 3, 1911.

JURISDICCIÓN DE LAS CORTES MUNICIPALES—NULIDAD DE VENTA EN PÚBLICA SUBASTA.—De acuerdo con la sección 4 de la ley de marzo 10, 1904, para reorganizar el sistema judicial de Puerto Rico, las cortes municipales tienen jurisdicción en todos los asuntos civiles que se promuevan en su distrito hasta la suma de $500 incluyendo interés.

ID.—NULIDAD DE VENTA EN PÚBLICA SUBASTA—CUANTÍA LITIGIOSA.—De acuerdo con la doctrina anterior, una corte municipal no tiene jurisdicción para conocer de una demanda de nulidad de venta en pública subasta y de los actos subsiguientes de otorgamiento de escritura e inscripción en el registro de la propiedad, cuando el precio del remate excede, como en el caso de autos, de $500, aún cuando dicho remate se llevare a cabo en una acción en cobro de una hipoteca menor de $500.

JURISDICCIÓN—COMPETENCIA.—Jurisdicción es la potestad de que se hallan revestidas las cortes para administrar justicia y competencia es la facultad que tienen para conocer de ciertos negocios, ya por la naturaleza de los casos o bien por razón de las personas.

ID.—CONSENTIMIENTO DE LAS PARTES.—Si una corte por precepto de la ley carece de jurisdicción para conocer de una causa, el consentimiento de las partes nunca podrá darle esa jurisdicción.

COMPETENCIA—SUMISIÓN DE LAS PARTES.—Si una corte carece de competencia para conocer de una acción, adquiere esa competencia siempre que tenga jurisdicción para conocer de dicha acción, por convenio o sumisión de las partes, según los artículos 76 y 77 del Código de Enjuiciamiento Civil.

ID.—EXCEPCIÓN PREVIA DE FALTA DE JURISDICCIÓN—FALTA DE COMPETENCIA—TRASLACIÓN DEL JUICIO AL DISTRITO CORRESPONDIENTE.—La excepción previa de falta de jurisdicción comprendida en el No. 1 del artículo 105 del Código de Enjuiciamiento Civil, es alegable cuando falta jurisdicción; pero cuando existe esa jurisdicción y falta competencia, o sea, cuando no se establece la demanda en la corte de distrito que con arreglo a la ley debe conocer de ella,

no debe entonces alegarse la excepción de falta de jurisdicción, sino solicitarse que el juicio se celebre en el distrito correspondiente, con arreglo a lo que previene el artículo 82 del Código de Enjuiciamiento Civil.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. José E. Benedicto.*

Abogado de los apelados: *Sr. Leopoldo Feliú.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

En 15 de octubre de 1908, José Arrarás, como cesionario de Antonio Diez, interpuso ante la Corte Municipal de Añasco demanda ejecutiva por el procedimiento hipotecario contra Carmen García, viuda de Domingo Cruz, para el cobro de un crédito hipotecario por seiscientos cincuenta pesos provinciales, constituído por escritura pública de 13 de julio de 1889 sobre una finca rústica, situada en el barrio de Borrero del término municipal de Rincón, habiéndose señalado el día 21 de diciembre del mismo año para la subasta de la mencionada finca.

En 19 de noviembre anterior, Emilia Bayron, viuda de Raffucci, y los demás demandantes, habían dado a Carmen García en calidad de préstamo la suma de dos mil quinientos dollars garantizados con hipoteca sobre la misma finca antes referida, bajo la condición de que fuera pagado enseguida con parte de ese dinero el crédito hipotecario que estaba cobrando José Arrarás, a cuyo efecto en 18 de diciembre, L. B. Martínez, consignó en poder del marshal de la citada corte municipal la suma de cuatrocientos dollars procedentes de Alfredo Raffucci, con el fin de que se pagase y cancelase la hipoteca de Arrarás sin llevarse a efecto la subasta anunciada.

De los indicados cuatrocientos dollars tomó el marshal trescientos noventa, importe del crédito reclamado por Arrarás, devolviendo a L. B. Martínez los diez dollars restantes, sin cobrar las costas, y sin advertirle tampoco que debía hacerlas efectivas.

No obstante el depósito hecho en poder del marshal, proce-

dió éste a la celebración de la subasta señalada para el día 21 de diciembre, so pretexto de que no se habían satisfecho las costas judiciales, obteniendo la buena pro José B. Pérez por la suma de quinientos cincuenta dollars, y otorgándose a su favor la correspondiente escritura de venta judicial, que fué inscrita en el Registro de la Propiedad de Mayagüez.

Así las cosas, Carmen García interpuso ante la misma corte municipal de Añasco demanda contra José Arrarás y Antonio Diez sobre nulidad del procedimiento hipotecario de que se deja hecho mérito, por el fundamento de que el crédito que se reclamaba había sido ya pagado por Carmen García; y al contestar dicha demanda José Arrarás, interpuso reconvención por la suma de setecientos cincuenta y un dollars 20 centavos, que según alegó le debía la Carmen García por intereses vencidos de la misma hipoteca que había ejecutado, y quinientos dollars más. para honorarios de abogado.

En ese juicio recayó sentencia declarando sin lugar la demanda de nulidad y con lugar la reconvención de Arrarás, y al ejecutarla, como no aparecieran bienes de la propiedad de Carmen García, fué requerido Alfredo Raffucci para que expusiera ante la corte si la sociedad Sucesores de Raffucci, de que era gestor, debía ciertas cantidades a Carmen García, habiendo sido su contestación negativa, por lo que Arrarás solicitó y obtuvo autorización de la corte para presentar demanda contra la referida sociedad.

Los hechos que se dejan expuestos han sido alegados por Emilia Bayron, viuda de Raffucci y los demás demandantes, que son todos, menos uno, vecinos de Rincón, para fundamentar demanda que presentaron ante la Corte de Distrito del Distrito Judicial de Aguadilla en 6 de mayo de 1909 contra Carmen García, viuda de Cruz, José Arrarás, Antonio Diez y José B. Pérez, todos vecinos de Añasco, a excepción de la primera que lo es de Rincón, en cuya demanda se solicitan los siguientes pronunciamientos:

1°. Que es nulo el procedimiento hipotecario seguido ante la corte municipal de Añasco por José Arrarás contra Car-

men García, por carecer dicha corte de competencia para conocer de tal procedimiento.

2º. Que en virtud de las graves irregularidades cometidas en dicho procedimiento, son también nulas la venta hecha en pública subasta a José B. Pérez, la escritura otorgada a su favor, y la inscripción de la misma practicada en el registro.

3º. Que igualmente es nula la sentencia declarando con lugar la reconvención aducida por José Arrarás en el juicio sobre nulidad del procedimiento hipotecario, por ser ese juicio consecuencia de dicho procedimiento que era nulo, y por carecer la corte municipal de Añasco de competencia para resolver sobre la reconvención atendida su cuantía.

4º. Que asimismo es nulo el procedimiento suplementario a la ejecución de la expresada sentencia, y nula la autorización concedida a Arrarás para demandar en juicio a la sociedad Sucesores de Raffucci.

A la anterior demanda opuso José Arrarás como excepciones previas las siguientes:

1ª. Que la corte no tenía jurisdicción para conocer del caso por tratarse de una acción para anular procedimientos seguidos en una corte municipal, sobre la que tiene jurisdicción, la del Distrito Judicial de Mayagüez.

2ª. Que la demanda no aduce hechos suficientes para determinar una causa de acción.

3ª. Que los demandantes no tienen la capacidad legal necesaria para entablar la demanda, pues no aparece que hayan sido partes en el pleito que se trata de anular, ni que estén interesados en la materia de la acción.

Antonio Diez y José B. Pérez opusieron a la misma demanda como excepciones previas las siguientes:

1ª. Que la corte no tenía jurisdicción para conocer de la nulidad de los juicios de que se trata, pues no llegando su cuantía a quinientos dollars, incumbía su conocimiento al juzgado municipal de Añasco.

2ª. Que varias acciones habían sido indebidamente acumuladas.

3ª. Que había indebida acumulación de partes demandadas.

4ª. Que la demanda no aduce hechos suficientes para constituir una causa de acción.

Los demandados Diez y Pérez formularon también contestación a la demanda aceptando algunos hechos de la misma y negando otros, con súplica de que fuera declarada sin lugar.

Discutidas las excepciones previas, resolvió la corte por orden de 12 de noviembre de 1909, que carecía de jurisdicción para conocer de la demanda, por razón de la materia de la acción, por tratarse de errores e irregularidades cometidas por una corte inferior en un procedimiento, y de la nulidad del mismo procedimiento con inclusión de la sentencia pronunciada, cuya nulidad y errores e irregularidades sólo podían ser revisados mediante el ejercicio de los recursos ordinarios y extraordinarios correspondientes, tales como el de apelación y el de *certiorari* ante la corte de distrito a que pertenece la corte inferior, cuya corte de distrito en el presente caso era la de Mayagüez por estar radicada dentro de su término jurisdiccional la corte municipal de Añasco.

Como consecuencia de esa orden la Corte de Distrito de Aguadilla dictó sentencia en 18 de marzo de 1910, desestimando la demanda con las costas a la parte demandante, por no ser aquella corte competente para conocer de dicha demanda, y contra esa sentencia interpusieron los demandantes recurso de apelación para ante esta Corte Suprema.

La única cuestión envuelta en la sentencia recurrida, es si la Corte de Distrito de Aguadilla tiene jurisdicción o nó para conocer de la demanda interpuesta.

Para resolver dicho punto legal, debemos tener en cuenta la acción ejercitada por la parte demandante, y no otra acción o remedio de que haya podido o debido valerse para llegar a los fines que persigue en la súplica de dicha demanda, pues la improcedencia del remedio empleado afecta a la acción del demandante pero no a la jurisdicción de la corte.

·Tomando por guía y norte la doctrina expuesta, cábe preguntar:

¿Tiene jurisdicción la Corte de Distrito de Aguadilla para conocer de la nulidad de los juicios de que se trata, o incumbe su conocimiento a la corte municipal de Añasco, según sostienen los demandados Antonio Diez y José B. Pérez?

¿Tiene jurisdicción la referida corte de Aguadilla para conocer del caso, ejercitándose como se ejercita una acción para anular procedimientos seguidos en una corte municipal enclavada, según sostiene.el demandado Arrarás en el Distrito judicial de la Corte de Mayagüez, o asiste tal jurisdicción a esa última corte?

Según la sección 4ª. de la ley para reorganizar el sistema judicial de Puerto Rico, aprobada el 10 de marzo de 1904, el· juez municipal tendrá jurisdicción en todos los asuntos civiles que se promuevan en su distrito hasta la suma de quinientos dollars intereses inclusive.

En la demanda interpuesta no se ventila una reclamación cuya cuantía sea inferior a quinientos dollars, pues se pide la nulidad de la venta hecha en pública subasta a José B. Pérez de la escritura otorgada a su favor y de la inscripción de la misma practicada en el registro. La referida venta se hizo por precio de quinientos cincuenta dollars, y por tanto, los actos subsiguientes de otorgamiento de escritura y de inscripción en el registro se encuentran en igual caso.

Se pide además la nulidad de la sentencia dictada por la corte municipal de Añasco, condenando a Carmen García, a virtud de reconvención interpuesta por José Arrarás en juicio de que conocía dicha corte, a que pagara a Arrarás la suma de setecientos cincuenta y un dollars 20 centavos por intereses vencidos de una deuda hipotecaria y quinientos dollars más para honorarios de abogado. La primera de dichas partidas es por sí sola superior a la de quinientos dollars, fijada como máximun a la competencia de los juzgados municipales. También se pide la nulidad del procedimiento seguido para ejecutar la sentencia de que se deja hecho mé-

rito y esa reclamación sigue la misma suerte que la sentencia, cuya cuantía es superior a quinientos dollars.

Aunque en la demanda se ha solicitado la nulidad del procedimiento hipotecario seguido ante la corte municipal de Añasco por José Arrarás contra Carmen García en cobro de un crédito que no llegaba a quinientos dollars, es un hecho consignado en la demanda que en ese procedimiento se hizo la venta cuya nulidad, la de su escritura y la de su inscripción en el registro se piden, siendo el interés de esos actos superior a quinientos dollars; y como la nulidad del procedimiento se alega como fundamento de las demás nulidades, a la misma corte de distrito que deba conocer de éstas, y nó a la municipal de Añasco asiste jurisdicción para conocer de aquélla, para que no se divida la continencia de la causa.

No tiene, pues, jurisdicción la corte municipal de Añasco para conocer de la demanda interpuesta; y ahora nos toca examinar si esa jurisdicción radica en la Corte de Distrito de Mayagüez exclusivamente y nó en la de Aguadilla.

Entendemos que la Corte de Distrito de Aguadilla tenía y tiene jurisdicción para conocer del pleito ante ella iniciado sobre nulidad de procedimientos y otros extremos, por ser esa materia que cabe dentro de la jurisdicción de las cortes de distrito, que son cortes de jurisdicción general.

*Jurisdicción* es la potestad de que se hallan revestidas las cortes para administrar justicia, y *competencia* es la facultad que tienen para conocer de ciertos negocios, ya por la naturaleza de las cosas o bien por razón de las personas, según dijimos al resolver en 12 de julio de 1900 el caso de *Gavino Garcés Nazario* v. *Damián Franceschi.*

"La jurisdicción, como dice el ilustrado comentarista Manresa y Navarro, emana siempre de la ley, directa e inmediatamente; nadie puede ejercerla sin que la ley le haya concedido este poder; sólo tienen jurisdicción, sólo pueden administrar justicia las personas a quienes les ha sido conferido este poder con arreglo a la ley; mas la competencia de un juez para conocer de un negocio, aunque se derive también de la ley, unas veces trae de ella su origen directa, inme-

diata y exclusivamente, y otras lo tiene de la voluntad de las partes. El primer caso forma la regla general y el segundo las excepciones.

De aquí que la jurisdicción no puede prorrogarse; lo contrario sucede con la competencia. Si una corte por precepto de la ley carece de jurisdicción para conocer de una acción, el consentimiento de las partes nunca podrá darle esa jurisdicción.

Por el contrario, si una corte carece de competencia para conocer de una acción, adquiere esa competencia siempre que tenga jurisdicción para conocer de dicha acción, por convenio o sumisión de las partes, según los artículos 76 y 77 del Código de Enjuiciamiento Civil.

La excepción previa comprendida en el número 1°. del artículo 105 del Código de Enjuiciamiento Civil de carecer la corte de jurisdicción sobre la persona del demandado o por la materia de la acción, es alegable cuando falta jurisdicción; pero cuando esa jurisdicción existe y falta competencia, o sea cuando no se establece la demanda en la corte de distrito que con arreglo a la ley deba conocer de ella, no debe entonces alegarse la excepción de falta de jurisdicción, sino solicitarse que el juicio se celebre en el distrito correspondiente, con arreglo a lo que previene el artículo 82 del Código ya citado.

Una corte no puede rehuir el conocimiento de una acción siempre que tenga jurisdicción para conocer de ella, aunque carezca de competencia, pues esa competencia se la pueden dar las mismas partes por sumisión expresa o tácita. ·

Haciendo aplicación al presente caso de la doctrina expuesta, opinamos que la Corte de Distrito de Aguadilla tiene jurisdicción para conocer del caso tal como le ha sido presentado, y que si las partes demandadas creen, sea cual fuere el motivo, que es de la competencia de la corte de Mayagüez, han debido solicitar la traslación del juicio sujetándose para ello a los preceptos legales que el Código de Enjuiciamiento Civil establece. (Véanse los casos de *Fajardo* v. *Tió* y de

*Ponce and Guayama Railroad Company,* decididos, respectivamente, en 24 de febrero y 27 de marzo del corriente año.

No habiéndose solicitado en forma debida la traslación del juicio, debe éste continuarse en el mismo distrito en que fué promovido.

Por las razones expuestas, siendo como son improcedentes las excepciones alegadas de falta de jurisdicción, procede la revocación de la sentencia apelada, pudiendo el Juez de Aguadilla acordar lo que proceda sobre las demás excepciones que se abstuvo de resolver.

*Revocada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf y del Toro.

El Juez Asociado, Sr. Aldrey, no tomó parte en la resolución de esta caso.