JUAN I. SOSA Y ESCOBAR, peticionario y apelante, *v.* PEDRO MANZANO AVIÑÓ, JUEZ DE LA CORTE MUNICIPAL DE SAN JUAN, SECCIÓN SEGUNDA, demandado y apelado, y CARMEN ESCOBAR, interventora y apelada.

No. 3977.—*Visto:* Noviembre 22, 1926. *Resuelto:* Mayo 10, 1927.

CERTIORARI—PROCEDIMIENTOS Y RESOLUCIÓN—APELACIÓN DE SENTENCIA EN PROCEDIMIENTO DE CERTIORARI—DESESTIMACIÓN—OMISIÓN DE ARCHIVAR EL *Transcript* DENTRO DEL TÉRMINO.—Como el *return* forma parte del legajo de la sentencia desde el momento en que se archiva, no cabe dilatar la remisión de los autos a la corte de apelación para incluirlo en una exposición del caso. Si así se hiciere y especialmente si examinados los autos resulta que el recurso es frívolo, la apelación deberá desestimarse.

MOCIÓN sobre desestimación de apelación, establecida ésta contra resolución final dictada por la Corte de Distrito de San Juan, en recurso de *certiorari.* *Con lugar* la moción.

*Manuel A. Martínez Dávila* y *José Martínez Dávila,* abogados del apelante; *Enrique Campillo,* abogado de la interventora-apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se pide la desestimación de la apelación establecida contra la resolución final dictada por la Corte de Distrito de

San Juan en cierto recurso de *certiorari.* El motivo que se alega es el de no haberse archivado en tiempo la transcripción de los autos.

Todo depende de si existe o no una exposición del caso válida. Si existe, la transcripción se radicó en tiempo. Si no existe, transcurrió con exceso el término marcado por la ley. ›

Aparece de los autos que la Corte Municipal de San Juan conoció de un pleito de desahucio sobre una finca situada en Río Piedras, basándose en que las partes se habían sometido a ella expresamente en el contrato de arrendamiento cuya violación dió origen al pleito.

La corte municipal dictó sentencia declarando el desahucio con lugar. El demandado no apeló pero estableció un procedimiento de *certiorari* ante la Corte de Distrito de San Juan. El auto fué expedido. Como contestación el juez demandado remitió los autos del desahucio. Solicitó intervenir en el *certiorari* la demandante en el pleito, e intervino en efecto, celebrándose la vista, según certificación del secretario de la corte de distrito, así:

"Se llamó este caso a la vista y comparecieron el peticionario y la interventora, quienes anunciaron estar listos. Los letrados de ambas partes leyeron sus respectivas alegaciones, argumentaron oralmente el caso, y, sometido finalmente a la consideración de la Corte, ésta se reservó su resolución."

La corte de distrito declaró el *certiorari* sin lugar anulando el auto preliminar que había expedido. Y contra esa resolución de la corte fué que se interpuso el presente recurso de apelación.

Parece conveniente transcribir lo que sigue de la opinión emitida por el juez de distrito para fundar su sentencia. Dice:

"Según aparece del return, los hechos probados en este caso son los siguientes:

Entre Juan I. Sosa y Escobar, como arrendatario y Carmen Es-

cobar, como arrendadora, y por escritura pública de 28 de septiembre de 1922, ante el Notario Carlos García de la Noceda, se celebró un contrato de arrendamiento de una finca rústica, radicada en la municipalidad de Río Piedras, por un canon mensual de $75.00, que computado por una anualidad no excede de $1,000.00. En dicha escritura se contiene la siguiente estipulación:

". . . .; conviniendo y aceptando los otorgantes *someterse a la jurisdicción y competencia* de las Cortes Municipales de esta ciudad de San Juan, para todos los actos y diligencias a que pudiera dar lugar el incumplimiento del referido contrato."

De acuerdo con la precedente cláusula de *sumisión expresa,* Doña Carmen Escobar presentó demanda de desahucio, por falta de pago, contra el arrendatario de la finca Juan I. Sosa y Escobar ante la Corte Municipal de San Juan, Sección Primera.

El demandado, al contestar la demanda, presentó una moción para que el juicio fuera trasladado a la Corte Municipal de Río Piedras, la que fué declarada sin lugar en ambas instancias. El caso siguió por todos sus trámites, en la Corte Municipal de San Juan, Sección Segunda, la que dictó sentencia en contra del demandado, con fecha mayo 19 de 1926, contra la cual sentencia no se ha interpuesto recurso de apelación, por las razones alegadas en el hecho octavo de la petición de certiorari.

El presente recurso de *certiorari* tiende a anular la sentencia de la Corte Municipal de San Juan, Sección Segunda, por alegarse que dicha Corte no tenía jurisdicción para dictarla.

La cuestión esencial y única a resolver en el presente recurso es la siguiente:

"Si en un procedimiento especial de desahucio en Puerto Rico, cabe la *sumisión expresa* de las partes a determinada Corte". Veamos. En primer lugar, tenemos que las partes en el contrato de arrendamiento hicieron *sumisión expresa* a las Cortes Municipales de San Juan, para todos los actos y diligencias a que pudiera dar lugar el incumplimiento del referido contrato.

En el caso *Byron et al.* vs. *García et al.,* 17 D.P.R. 544 y 545, la Corte Suprema de Puerto Rico establece claramente la diferencia que existe entre jurisdicción y competencia, fijando las siguientes reglas:

"De aquí que la jurisdicción no puede prorrogarse; lo contrario sucede con la competencia. Si una Corte por preceptos de la Ley carece de jurisdicción, para conocer de una acción, el consentimiento de las partes nunca podrá darle esa jurisdicción. Por el

contrario, si una corte carece de competencia, para conocer de una sola acción, adquiere esa competencia siempre que tenga jurisdicción para conocer de dicha acción, por convenio o sumisión de las partes, según los arts. 76 y 77 del Código de Enjuiciamiento Civil.''

De acuerdo con la sección 3 de la Ley de Desahucio aprobada en 1905, todas las cortes municipales de Puerto Rico tienen *jurisdicción* para conocer de los casos de desahucio como el presente, en que el canon de arrendamiento computado por un año no exceda de $1,000.00 de modo que la Corte Municipal de San Juan, sección segunda, tuvo jurisdicción para conocer del caso de desahucio que origina el presente recurso; y además la referida Corte Municipal de San Juan tuvo competencia para conocer del mismo en virtud de la sumisión expresa de las partes, hecha de acuerdo con los artículos 76 y 77 del Código de Enjuiciamiento Civil.

No hay nada en la Ley de Desahucio de 1905, que prohiba la sumisión expresa, a determinada Corte.''

Interpuesto el recurso, la parte apelante solicitó que se le permitiera presentar una exposición del caso. Presentó en efecto como tal el documento que analizaremos luego y la corte de distrito lo aprobó. Copia certificada del mismo fué archivada en esta Corte Suprema después de presentada y argumentada la moción de desestimación pero dentro de prórrogas concedidas en tiempo.

De lo narrado anteriormente parece desprenderse que debe declararse sin lugar la moción de desestimación puesto que existe una exposición. Mas no es así. La parte apelante llamó al documento que sometió a la corte de distrito exposición, como tal lo aprobó dicha corte y como exposición lo archivó el apelante en esta Corte Suprema.

Dicho documento contiene únicamente la copia del *return* del juez municipal demandado. En el caso de *certiorari* no se practicó prueba. Sólo existió la petición, el *return,* o sean los autos del caso de desahucio remitidos por el juez demandado como su contestación, la moción de intervención de la demandante en el desahucio, la relación del del caso y opinión de la corte, la sentencia, y el escrito de apelación. Todos los documentos existentes formaban parte

del legajo de la sentencia al momento de la apelación. Los autos de la apelación estaban, pues, listos. Nada había que llevar a ellos por medio de una exposición, y en tal caso la transcripción debe archivarse dentro del término de un mes o de la prórroga que al efecto pueda solicitarse y concederse, término que ha transcurrido aquí con exceso, ya que la resolución apelada se dictó desde junio del año de 1926. Para un estudio más amplio de esta cuestión, véase la opinión de esta corte en *La Asamblea Municipal de Santa Isabel* v. *La Corte de Distrito de Guayama* emitida en el día de hoy.

La parte apelante innecesariamente solicitó preparar una exposición y abandonó su término. La parte apelada tiene derecho a que la apelación se desestime.

Pero si se solicitara el ejercicio de nuestra discreción bajo la base de que el error cometido lo fué de buena fe, de no tratarse de un término jurisdiccional y de la actividad demostrada al preparar la transcripción, diríamos que los méritos del caso no exigen dicho ejercicio. Hemos transcrito lo pertinente de la opinión del juez de distrito y no se necesita un gran esfuerzo para concluir que la apelación es frívola. Debe advertirse que esta cuestión de frivolidad fué levantada por el apelado, discutida por ambas partes y pospuesta su resolución. Un mayor estudio del caso hecho con motivo de la nueva moción del apelado, ha llevado al tribunal al convencimiento de la justicia de la primera petición.

*Debe declararse con lugar la moción* y en su consecuencia desestimarse el recurso.