MARÍA LICIAGA HORTA, demandante y recurrida, *v.* ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES, demandada y recurrente.

*Número:* O-77-24    *Resuelto:* 9 de marzo de 1977

*Juan José Santiago González, Carlos M. Soler Calderón, Elliut Rodríguez Santana* y *Raúl Barrera Morales,* abogados de la recurrente; *Gilberto Acosta Ayala, Federico Comas Montalvo, Néstor Ruiz Díaz* y *Gabriel García Maya,* abogados de la recurrida.

PER CURIAM: La Junta de Directores de la Administración de Compensaciones por Accidentes de Automóviles (ACAA) denegó la solicitud de compensación que para beneficio de seis hijos menores de edad hizo la madre de éstos, cuando su padre murió a consecuencia de un accidente vehicular, dando como razón que dichos niños no eran beneficiarios de la víctima toda vez que no dependían de su padre para su subsistencia. De la decisión administrativa recurrió la madre mediante solicitud de revisión que radicó ante la Sala de Mayagüez del Tribunal Superior. Allí presentó la ACAA. moción para desestimar "por falta de jurisdicción" invocando el Art. 11 de la Ley Núm. 138 (¹) de 26 de junio de 1968 (9 L.P.R.A. sec. 2061(3)) que dispone: "La decisión de la Junta será final a menos que el reclamante o el Director Ejecutivo solicite su revisión judicial radicando una petición al efecto en el Tribunal Superior, Sala de San Juan, dentro de quince (15) días de haberse notificado por correo a ambas partes de la decisión de la Junta, o de haberse entregado copia de la misma a éstas o a sus respectivos abogados. La jurisdic-

---

(¹) Titulada "Ley de Protección Social por Accidentes de Automóviles."

ción del Tribunal Superior estará limitada a cuestiones de derecho y las conclusiones de hecho de la Junta, de estar sostenidas por evidencia sustancial, serán finales."

La Sala de Mayagüez denegó la desestimación y en su lugar ordenó el traslado del caso a la Sala de San Juan. Recurre la ACAA en *certiorari* insistiendo en la desestimación y afirma que el citado Art. 11 de la Ley hace de la Sala de San Juan foro exclusivo para conocer de esta revisión especial. Se funda en que por ser la Ley de Protección Social por Accidentes de Automóviles una de carácter especial y posterior a la Ley de la Judicatura de 1952 que es un estatuto general, prevalece aquélla en cuanto difiera de ésta (Art. 12, Código Civil); y en *A.C.A.A.* v. *Tribunal Superior*, 101 D.P.R. 518, 521 (1973). La teoría de la Administración recurrente contraviene el claro mandato constitucional: "Los tribunales de Puerto Rico constituirán un sistema judicial unificado en lo concerniente a jurisdicción, funcionamiento y administración. La Asamblea Legislativa, en cuanto no resulte incompatible con esta Constitución, podrá crear y suprimir tribunales, con excepción del Tribunal Supremo, y determinará su competencia y organización." Constitución del Estado Libre Asociado, Art. V, Sec. 2. La designación de la Sala de San Juan en el Art. 11 de la Ley Núm. 138 es inoperante y carece de eficacia, pues la Constitución no tolera la existencia de islas de jurisdicción dentro del mayor diseño unificado. La expresión de este Tribunal en *A.C.A.A.* v. *Tribunal Superior*, supra, en aparente contradicción a lo aquí sostenido, es dictum innecesario, pues la razón de decidir en aquel caso fue la inobservancia por la parte del procedimiento administrativo previo al recurso ante el Tribunal Superior. *Ibid.*, pág. 523.

*A la solicitud de certiorari, no ha lugar.*

El Juez Asociado Señor Rigau no intervino.