GILBERTO LAUSELL DUCÓS, recurrido, *v.* ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES, peticionaria; MARÍA LASALLE GONZÁLEZ, recurrida, *v.* ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES, peticionaria; JUAN L. e IRMA SANTIAGO RODRÍGUEZ y JAVIER OCASIO RODRÍGUEZ, recurridos, *v.* ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES, peticionaria; RAFAEL RIVERA PÉREZ, recurrido, *v.* ADMINISTRACIÓN DE ACCIDENTES DE AUTOMÓVILES, peticionaria.

*Números:* O-81-325,    *Resueltos:* 21 de octubre de 1981
O-81-326,
O-81-353,
O-81-363

*Iván Garau Díaz, René Silva Benoy* y *Darío Bonet Cedó*, abogados de la peticionaria; *José Ferrari Pérez* de *Ferrari & García*, abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

Lo planteado en los recursos aquí consolidados requiere que distingamos lo resuelto en *Liciaga Horta* v. *A.C.A.A.*, 105 D.P.R. 813 (1977). Parece que se ha suscitado alguna confusión sobre su alcance en cuanto a qué Sala del Tribunal Superior es la competente para entender en la revisión judicial de las decisiones administrativas de la Junta de Directores de la Administración de Compensaciones por Accidentes de Automóviles, a que se refiere la Ley de Protección Social por Accidentes de Automóviles. 9 L.P.R.A. secs. 2051 a 2095. La cuestión se reduce a señalar que si bien el Tribunal Superior, en cualquiera de sus salas, tiene jurisdicción para ello, es la Sala de San Juan la que tiene competencia.

La citada Ley de Protección Social dispone en su Sec. 13 (9 L.P.R.A. sec. 2061) el procedimiento para la adjudicación de reclamaciones que se hagan a la Administración de Compensación por Accidentes de Automóviles —A.C.A.A.— por ella creada. Establece el recurso de apelación contra las decisiones de su Director Ejecutivo para ante la Junta de Directores, y expresa en su inciso tercero:

> (3) La decisión de la Junta será final a menos que el reclamante o el Director Ejecutivo solicite su revisión judicial *radicando una petición al efecto en el Tribunal Superior, Sala de San Juan,* dentro de quince (15) días de haberse notificado por correo a ambas partes de la decisión de la Junta, o de haberse entregado copia de la misma a éstas o a sus respectivos abogados.

La jurisdicción del Tribunal Superior estará limitada a cuestiones de derecho y las conclusiones de hechos de estar sostenidas por evidencia sustancial, serán finales. (Énfasis suplido.)

En los casos que ahora consideramos, las partes reclamantes y aquí recurridas acudieron, respectivamente, ante las Salas de Aguadilla, Ponce y Arecibo del Tribunal Superior mediante solicitudes de revisión contra decisiones de la Junta. La A.C.A.A. oportunamente invocó la transcrita disposición y solicitó traslado para la Sala de San Juan. Recurre ante nos contra resoluciones que denegaron su solicitud, amparadas en *Liciaga Horta* v. *A.C.A.A.*, supra. Expedimos órdenes para mostrar causa por la cual no debamos revocar dichas resoluciones. No nos persuaden los razonamientos aducidos por los recurridos para que variemos el criterio intimado.

*Liciaga Horta* no resuelve que cualquier Sala del Tribunal Superior tiene competencia para entender en los recursos de revisión instados al amparo de la citada Sec. 13 de la Ley. Si se examinan los hechos de dicho caso se notará que allí la A.C.A.A. pretendía que se desestimara, "por falta de jurisdicción", un recurso de revisión radicado en la Sala de Mayagüez del Tribunal Superior. El juez de instancia denegó la desestimación y ordenó el traslado a la Sala de San Juan, que es la que tiene competencia. Siendo correcta su decisión, nos negamos a revisarla y señalamos que el sistema judicial unificado creado por la Constitución "no tolera la existencia de islas de jurisdicción". Dice nuestra Constitución en su Art. V, Sec. 2:

Los tribunales de Puerto Rico constituirán un sistema judicial unificado en lo concerniente a jurisdicción, funcionamiento y administración. La Asamblea Legislativa, en cuanto no resulte incompatible con esta Constitución, podrá crear y suprimir tribunales, con excepción del Tribunal Supremo, y determinará su competencia y organización.

El mandato es claro. La Asamblea Legislativa no

puede variar el principio de unidad jurisdiccional del sistema. Puede, sin embargo —y es lo que hizo en la Ley de Protección Social que comentamos— determinar la competencia que deba corresponder a cada sección o sala del Tribunal General de Justicia.

En los recursos ante nos, a diferencia de *Liciaga Horta*, no se impugna la jurisdicción de las Salas de Aguadilla, Ponce y Arecibo. Se solicitó por A.C.A.A. el traslado de los casos para la Sala de San Juan, por ser ésta la que tiene competencia para entender en dichos recursos. Debió así decretarse.

■ Jurisdicción y competencia no son términos sinónimos. Véase *Banco de Ponce* v. *Iriarte*, 60 D.P.R. 72, 74–75 (1942), donde se dijo:

> Desde el año 1900 esta Corte Suprema, en el caso de *Garcés* v. *Franceschi*, 1 D.P.R. 84, explicó la distinción que hay entre jurisdicción y competencia, diciendo:
>
> "Por jurisdicción se entiende la potestad de que se hallan investidos los Jueces y Tribunales para administrar justicia; y por competencia, la facultad que tienen para conocer de ciertos negocios ya por la naturaleza de las cosas, bien por razón de las personas."
>
> En el año 1911, aplicando los artículos 76 y 77 del Código de Enjuiciamiento Civil, supra, en el caso de *Bayron et al.* v. *García et al.*, 17 D.P.R. 538, después de citar el de *Garcés*, se dijo por voz del entonces Juez Presidente, Sr. Hernández:
>
> "'La jurisdicción, como dice el ilustrado comentarista Manresa y Navarro, emana siempre de la ley, directa e inmediatamente; nadie puede ejercerla sin que la ley le haya concedido este poder; sólo tienen jurisdicción, sólo pueden administrar justicia las personas a quienes les ha sido conferido este poder con arreglo a la ley; mas la competencia de un juez para conocer de un negocio, aunque se derive también de la ley, unas veces trae de ella su origen directa, inmediata y exclusivamente, y otras lo tiene de la voluntad de las partes. El primer caso forma la regla general y el segundo las excepciones.'
>
> "De aquí que la jurisdicción no puede prorrogarse; lo contrario sucede con la competencia. Si una corte por precepto

de la ley carece de jurisdicción para conocer de una acción, el consentimiento de las partes nunca podrá darle esa jurisdicción.

"Por el contrario, si una corte carece de competencia para conocer de una acción, adquiere esa competencia siempre que tenga jurisdicción para conocer de dicha acción, por convenio o sumisión de las partes, según los artículos 76 y 77 del Código de Enjuiciamiento Civil."

Si bien al establecerse en Puerto Rico el sistema judicial unificado —Ley Núm. 11 de 24 de julio de 1952; Art. V, Sec. 2, Constitución del Estado Libre Asociado— quedaron eliminados los defectos jurisdiccionales que otrora constituían base para planteamientos técnicos que en ocasiones impedían conocer y resolver las causas en sus méritos, la distinción entre ambos términos no resulta académica. Véanse, a este efecto, nuestras más recientes decisiones en *Seijo* v. *Mueblerías Mendoza*, 106 D.P.R. 491, 493 (1977); *Pueblo* v. *Ortiz Marrero*, 106 D.P.R. 140, 143 (1977); *Marín* v. *Montijo*, 109 D.P.R. 268 (1979).

■ Bajo el sistema imperante no existen islas de jurisdicción. El Tribunal Superior tiene jurisdicción general y puede conocer en cualquiera de sus salas de un recurso de revisión instado al amparo de la Sec. 13 de la Ley de Protección Social por Accidentes de Automóviles, 9 L.P.R.A. sec. 2061, antes transcrita. Pero la A.C.A.A. tiene derecho, bajo la misma sección, a que sea la Sala de San Juan la que entienda en el asunto. Bajo el Art. V, Sec. 2 de la Constitución, la Asamblea Legislativa tiene poder para determinar la "competencia y organización" de los tribunales y, en el ejercicio de ese poder determinó que sea la Sala de San Juan la competente para entender en dichos recursos. Las solicitudes de traslado oportunamente presentadas debieron concederse.

*Se expedirá el auto de certiorari en cada uno de los casos aquí consolidados y, por los fundamentos expresados, se dictará sentencia en cada caso que revoque la resolución*

*recurrida y disponga el traslado de cada recurso a la Sala de San Juan del Tribunal Superior.*