# 99 DTA 106

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL III, ARECIBO/UTUADO

EL PUEBLO DE PUERTO RICO EN INTERES DEL MENOR L.T.M.
Peticionario

Núm. KLCE-99-00111

San Juan, Puerto Rico, a 16 de marzo de 1999

Panel integrado por su Presidenta, Juez Pesante Martínez
y los Jueces señores Martínez Torres y Salas Soler

Pesante Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece ante nos el Pueblo de Puerto Rico, representado por la Oficina del Procurador General, y a través del recurso de título interesa la revocación de la resolución emitida el 15 de enero de 1999 por el Tribunal de Primera Instancia, Sala Superior de Arecibo, Asuntos de Menores. Mediante la misma se ordena el egreso del menor L.T.M. del Centro de Menores donde se encontraba detenido por faltas pendientes de adjudicar de la competencia del Tribunal de Aguadilla. Expedimos el auto de *certiorari* solicitado y revocamos la resolución en controversia.

### I

En 1995 el Procurador de Menores le imputó al menor L.T.M. la comisión de faltas por agresión y alteración a la paz cuyos hechos alegadamente ocurrieron en la jurisdicción de Arecibo. Luego de varios incidentes procesales usuales en este tipo de caso, el Tribunal acogió la defensa de insanidad mental y lo absolvió. A consecuencia de lo anterior le impuso como medida de seguridad el ingreso al Centro Camaseyes de Aguadilla, institución que provee albergue para menores con retardo mental severo. El Tribunal de Arecibo celebró varias vistas de seguimiento. De

conformidad con prueba ofrecida en esas vistas, el Tribunal ordenó el egreso del menor del Centro Camaseyes para que regresara a su hogar.

Hasta 1998, se estuvieron celebrando vistas de seguimiento, presididas todas por la Hon. Carmen Bravo, Juez del Tribunal de Menores de Arecibo. En 1998 el menor se involucró en nuevas faltas por escalamiento. Los hechos imputados corresponden a la jurisdicción de Arecibo, por estos casos, y a ruego de la representación legal del menor, fue ingresado nuevamente en Camaseyes; quedando pendiente una vista de procesabilidad. Estando en Camaseyes, que está localizado en la Región Judicial de Aguadilla, al menor le sometieron nuevas quejas por dos casos de agresión y mutilación. Estas faltas alegadamente ocurrieron en el mismo Camaseyes. El Tribunal de Aguadilla determinó causa en las vistas de aprehensión y ordenó la detención del menor. L.T.M. fue ingresado en Cabo Rojo en el Centro de Detención de la Administración de Instituciones Juveniles y quedó citado para la vista de determinación de causa. La vista de causa quedó convertida en una para dilucidar el egreso del menor por razón de así solicitarlo la representación legal del menor al anunciar la defensa de incapacidad mental. Celebrada la vista, el Tribunal declaró No Ha Lugar la defensa de inimputabilidad y la solicitud de que el menor fuera egresado del Centro de Detención y devuelto a Camaseyes.

Coetáneo con los procedimientos de Aguadilla, la defensa del menor presentó en el Tribunal de Arecibo, una Moción Urgente Solicitando Vista. En ella entrelazó los procesos ocurridos en Arecibo (por los cuales el menor estaba ingresado en Camaseyes como medida de segurida) y los de Aguadilla (por los cuales el menor se encontraba ingresado en un Centro de Detención Juvenil). En síntesis, se arguyó que las medidas de seguridad continuaban vigentes y que la detención del menor por los casos de Aguadilla era ilegal, razón por la cual debía ordenarse su egreso y señalarse una vista para dilucidar dónde debía ubicarse al menor.

Insatisfechos con el anterior dictamen, acudió ante nos mediante el recurso de *certiorari* identificado alfanuméricamente KLCE-99-00027. En aquella ocasión denegamos la expedición del auto solicitado por prematuro. Mediante resolución dispusimos lo siguiente:

*"El Tribunal de Arecibo no ha emitido resolución declarándose con competencia para intervenir en asuntos cuyos alegados hechos delictivos ocurrieron en la Región Judicial de Aguadilla. La resolución en controversia se limita a señalar una vista en respuesta a un petitorio un tanto confuso dentro del procesamiento de las causas cuya génesis se remonta a hechos delictivos ocurridos en la Región Judicial de Arecibo."*

Así las cosas, los procedimientos continuaron y la vista solicitada se celebró en el Tribunal de Arecibo. La misma fue presidida por la Hon. Carmen Bravo, Juez, quien a esa fecha estaba designada a la Región Judicial de Bayamón y quien se trasladó especialmente para intervenir en este caso.

La contención del Procurador de Menores giraba a que el Tribunal de Menores, Sala de Arecibo, carecía de competencia para dilucidar el egreso del menor ordenado por la Sala de Aguadilla, ausente el hecho de haber sido el asunto trasladado a esa jurisdicción.

Trabada la controversia, el tribunal *a quo* celebró la vista en Arecibo y dispuso que el menor sería egresado del Centro de Detención e ingresado en Mepsi Center. Además, que éste continuaría bajo medida de seguridad, ubicado en Mepsi Center, bajo la custodia del Departamento de Salud mientras un tribunal con competencia no dispusiera lo contrario.

Inconforme con la resolución, el Procurador de Menores a través de la Oficina del Procurador General incoaron el recurso que nos ocupa. En él señalaron la comisión de un único error, a saber:

*"Erró la Honorable Juez Superior Carmen Bravo al intervenir en el nuevo proceso sin tener competencia, presidir la vista y en un caso del menor no relacionado con sus casos anteriores."*

Por entender que el error precedentemente expuesto se cometió, expedimos el auto de *certiorari* solicitado y revocamos la resolución en controversia.

## II

En Puerto Rico hay *"un sólo Tribunal de Primera Instancia con jurisdicción original y autoridad para actuar en todo procedimiento civil o criminal, sin que la falta de competencia sea motivo para desestimar".* Pueblo v. Ortiz Marrero, 106 D.P.R. 140, 143 (1977).

Competencia se refiere a la sala o sección específica del Tribunal General de Justicia en donde de ordinario se ventilará la acción, excepción hecha en ocasión del juez y las partes brindar su anuencia para que la controversia se litigue en alguna sala o tribunal distinto. La competencia tiene que ver con el modo de canalizar la jurisdicción y sirve para la organización del sistema judicial. *Lausell Ducos v. A.C.A.A.,* 111 D.P.R. 593 (1981).

Las Reglas de Menores no definen el concepto de competencia, razón por la cual, y de manera supletoria, *"hay que acudir a otros cuerpos legales compatibles con el propósito que permea el ordenamiento jurídico relacionado con los menores. Regla 13.12 de las Reglas de Menores 34 T.D.P.A., Ap. T. A. La Regla 27 de Procedimiento"* 3 L. P.R.A., Ap. II, nos dice que *"[e]n todo proceso criminal el juicio se celebrará en la sala correspondiente al distrito donde se cometió el delito, excepto lo que en contrario se provea en estas reglas".*

Los criterios que regulan la competencia permiten canalizar ordenadamente la ventilación de los casos en los tribunales. *"Si no se regula la competencia y traslado de acciones, el sistema judicial unificado sería un verdadero caos. Es necesario establecer la competencia de salas y secciones del Tribunal de Primera Instancia para que el sistema judicial funcione en forma ordenada. La virtud del sistema judicial unificado es evitar que se desestime una acción sólo por el tecnicismo de haberse presentado en una sala y no en otra."* Chiesa, E., *Derecho Procesal de Puerto Rico y Estados Unidos*, Vol. III, Ed. Forum, Bogotá, pág. 116 (1993).

En el ámbito criminal, al igual que en el civil, los criterios para establecer la competencia de los tribunales para dilucidar los casos ante su consideración están basados en el lugar en que ocurra la acción delictiva y la naturaleza de la acción o del delito (falta) imputado.

En el caso de autos, relativo a la controversia que nos atañe, el menor L.T.M. estaba sujeto a unas medidas de seguridad impuestas por la Sala de Arecibo al haberse determinado que estaba inimputable. Por esto, en esos casos, es objeto de múltiples vistas de seguimiento. En virtud de ellos un juez de Arecibo había ordenado su ingreso al Centro Camaseyes. Coétaneo con los casos de Arecibo, tenía pendientes de adjudicación final unos casos en la Región Judicial de Aguadilla. Por esos casos una juez de esa área había ordenado su ingreso a un Centro de Detención bajo la custodia de la Administración de Instituciones Juveniles. La contención de la representación legal del menor, acogida por la Sala de Menores de Arecibo estriba en que desde 1995 Arecibo ha retenido jurisdicción sobre el menor como medida de seguridad; que la custodia se la entregó al Departamento de Salud y se ordenó su ingreso en Camaseyes; que mientras no se determine lo contrario el menor continúa siendo inimputable y que el tribunal con mejor y mayor conocimiento de la situación particular de L.T.M. es la Sala de Menores de Arecibo.

Es preciso consignar que aunque nos parecen muy bien intencionadas las actuaciones del tribunal de Arecibo, éste no tiene competencia en los casos cuyos hechos, ocurrieron en Aguadilla. Lo contrario abonaría a la desorganización de los tribunales y daría al traste con el sistema organizativo del mismo. La medida de seguridad

impuesta en Arecibo se limita a los casos donde el tribunal pasó juicio sobre la defensa de insanidad mental, le otorgó crédito a la misma, acogió la defensa afirmativa y determinó que no estaba incurso en faltas por razón de ser inimputable. Esto, de suyo, no le confiere jurisdicción al Tribunal de Arecibo a perpetuidad sobre el menor. Tampoco le otorga mayor peso a las decisiones de un tribunal de igual jerarquía con respecto a otro. No obstante, y sabiendo que tanto el tribunal como las partes tienen como norte el bienestar del menor, su seguridad y la de la comunidad, no vemos obstáculos para que, dentro de los parámetros del ordenamiento jurídico, Aguadilla advenga en conocimiento de todo lo acontecido en Arecibo con relación al menor y la defensa pueda mover su discreción a adoptar medidas similares y/o trasladar el asunto, de ello proceder, al Tribunal de Arecibo.

Habida cuenta de lo anterior, se expide el auto de *certiorari* y se revoca la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo, Asuntos de Menores, el 15 de enero de 1999.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General